UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRUCE SYKES,

        Plaintiff,

  - against-

NORTH FORK BANCORPORATION, INC.
and GLORIA KICK,

       Defendants.

Index No.

VERIFIED COMPLAINT

Jury Trial Demanded

Plaintiff, **BRUCE SYKES**, by and through his attorneys, **FRANK & ASSOCIATES, P.C.**, complains and alleges as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this civil action seeking monetary damages based upon defendant's violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*of the Americans with Disabilities Act of 1990 (hereinafter "ADA"), 42 U.S.C. §12101, *et seq.*, the New York State Human Rights Law (hereinafter "NYSHRL"), N.Y. EXEC. LAW §296 *et seq.* (McKinney 1993 and 2001 supp.), the New York City Human Rights Law (hereinafter "NYCHRL"), N.Y.C. Admin. Code § 8-107 *et seq.*, Suffolk County Human Rights Law, Laws of Suffolk County, New York, Part III, §89-13 and other appropriate rules, regulations, statutes and ordinances.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12117. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

3.    This action properly lies in the United States District Court, Southern District of New York, pursuant to 28 U.S.C. § 1391 because the Defendant maintains offices within the State of New York, County of New York.

4.    This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§2201 and 2202.

5.    Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") and brings this action within ninety (90) days of the receipt of a Notice of Right To Sue, issued by the EEOC on September 20, 2006, a true and accurate copy of which is attached hereto as Exhibit "A".

### III. PARTIES

6.    Plaintiff, **BRUCE SYKES**, was at all times relevant herein, a domiciliary of the State of New York residing in Suffolk County.

7.    At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of 42 U.S.C. § 2000e(f), 42 U.S.C. §12111(4) and a "person" within the meaning of Section 292(1) of the NYSHRL, Section 8-102(1) of the NYCHRL and Section 89-13 of the Laws of Suffolk County.

8.    At all times relevant to the Complaint, Plaintiff was a "qualified individual with a disability" within the meaning of 42 U.S.C. §12111(8) and Plaintiff has suffered from a "disability" within the meaning of Section 292(21) of the NYSHRL, Section 8-102(16) of the NYCHRL and Section 89-13 of the Laws of Suffolk County.

9.    Upon information and belief, at all times relevant to the Complaint, Defendant, **NORTH FORK BANCORPORATION, INC.,** (hereinafter "NFB") is a business corporation

existing under the laws of the State of New York, with offices located in New York County, New York.

10.  Upon information and belief, at all times relevant to the Complaint, Defendant does business in the State of New York in the County of New York at 109 East 42nd Street, New York, NY 10017.

11.  At all times relevant to the Complaint, Defendant has been an "employer" within the meaning of 42 U.S.C. § 2000e(b), 42 U.S.C. § 12111(5), 292(5) of the NYSHRL, Section 8-102(5) of the NYCHRL and Section 89-13 of the Laws of Suffolk County.

12.  Upon information and belief, at all times relevant to the Complaint, Defendant, **GLORIA KICK,** (hereinafter "Kick") was the Senior Vice President Operations Services at NFB and was Plaintiff's supervisor until about November, 2005.

13.  Upon information and belief, and at all times relevant to the Complaint, Defendant employed more than fifteen (15) employees.

## IV. FACTS

14.  Plaintiff repeats and alleges each and every allegation contained herein.

15.  Plaintiff is a male, disabled veteran.

16.  In or about November 2002, Plaintiff began his employment at NFB in Mattituck, New York in the Proofs Department.

17.  At the time of Plaintiff's hire date, Defendant NFB was aware Plaintiff was a disabled veteran, medically discharged from the United States Air Force.

18.  Plaintiff's disabilities include a continuous painful reoccurring neurological disease, reflex sympathetic dystrophy, sciatic nerve nodule and osteo-arthritis.

19.   Plaintiff, per his doctor's orders, may not sit for an extended period of time and must take a break and walk around periodically.

20.   Throughout the term of his employment with Defendant, Plaintiff performed all of his job responsibilities in a satisfactory manner.

21.   Plaintiff was able to perform the duties of his position with reasonable accommodation and time off to care for his illnesses.

22.   On or about December 2003, Plaintiff applied for a promotion to a signature verification position within the bank.

23.   Although Plaintiff was qualified for this position, he was discouraged from applying. Plaintiff was told by one person after he was interviewed that he was unqualified, and by another he would be bored with the job. Upon information and belief, a lesser qualified, non-disabled female was hired for the position.

24.   In or about the Spring of 2004, Plaintiff responded to two vacancy notices for the position of clearing clerk, for which he was qualified.  The first application position was filled by a less qualified, non-disabled female.  On the second, Plaintiff was the sole applicant.  He was interviewed, but was rejected.  NFB thereupon actively recruited and placed another non-disabled individual in this position.

25.   Defendant Kick refused to assist Plaintiff in obtaining a promotion, as per her job description, while assisting similarly situated female employees.

26.   Defendant Kick stated publicly that no male employees from her department would ever be promoted.

27.   Defendant NFB maintains a company policy encouraging the promotion of veterans and disabled employees.

28.   Defendant Kick stated publicly that she refused to acknowledge and/or adhere to the company policy of promoting veterans and disabled employees.

29.   Defendant Kick refused to pay Plaintiff bonuses when similarly situated non-disabled persons in the department received a bonus.

30.   On or about May 2, 2005, Plaintiff requested disability leave pursuant to the FMLA for arthroscopic surgery, and continued the leave due to another surgery conducted on August 19, 2005.  Plaintiff was medically cleared to return to work October 17, 2005 (see Doctor's letter attached as Exhibit B).

31.   Plaintiff advised the company he would return to work on October 17, 2005, as per his Doctor's clearance.  However, he was advised by Human Resources that another employee had been hired to replace him and Plaintiff was denied reinstatement.

32.   On October 17, 2005, Plaintiff was advised he had 30 days to seek an alternate position, or his employment would be terminated.

33.   After being interviewed at the bank for several positions, Plaintiff was told the positions had been filled, or there were no openings.  Plaintiff had found the publication of these job postings on the internet system of Defendant NFB and applied for them at the encouragement of Defendant Kick.

34.   The positions for which Plaintiff interviewed were subsequently filled by less qualified non-disabled female employees.

35.   Plaintiff was denied assistance by NFB or Kick in finding an alternative position.

36.   Defendant Kick interfered with and impaired Plaintiff's efforts to obtain another position by providing false information when contacted.

37.     On the eve of the 30 day job search period of November, 2005, after having gone through a stressful month without pay and facing termination, Plaintiff secured a lesser position with Defendant NFB as a Bank Teller.

38.     On November 28, 2006, Plaintiff was summoned to a meeting with Walter Krupski, the Regional Vice President and Linda Mannino, the Plaintiff's supervisor.  Plaintiff was terminated.  The reasons proffered for Plaintiff's termination were pretext for discrimination based on his disability and gender and in retaliation for his lawful complaints of discrimination.

39.     Defendant's demotion of Plaintiff's employment, failure to reinstate him to his former position, failure to promote, failure to provide Plaintiff with equal bonuses as his counterparts and plaintiff's ultimate termination were discriminatory and unlawful, in that it was based upon Plaintiff's disability and gender.


## V.  CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Americans with Disabilities Act - Disability Discrimination)

40.     Plaintiff repeats and realleges each and every allegation contained herein.

41.     Plaintiff has been discriminated against by Defendants on the basis of his disability in violation of the ADA, by Defendants engaging in a course of conduct which included failing to promote and/or refusing to reinstate Plaintiff's employment because of his disability or perceived disability all the while giving Plaintiff pretextual or untrue reasons for the failure to promote and/or refusal to reinstate.

42.    As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, deferred compensation, bonuses and other employment benefits.

43.    As a further and proximate result of Defendant's actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental and consequential damages and expenses.

44.    The conduct of the Defendants was outrageous and done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to equitable and injunctive relief, an award of compensatory damages, punitive damages, expenses and attorneys' fees in amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
(Title VII – Gender Discrimination)

45.    Plaintiff repeats and realleges each and every allegation contained herein.

46.    NFB violated Title VII by discriminating against Plaintiff by engaging in a course of conduct which created unequal working conditions and resulted in the unlawful failure to promote and failure to reinstate of Plaintiff's employment.

47.    NFB knew or should have known about the discriminatory treatment of Plaintiff.

48.    NFB failed or refused to take reasonable action to correct the discriminatory treatment of Plaintiff.

49.    As a proximate result of NFB's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, and other employment benefits.

50.    As a further proximate result of NFB's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anguish, depression, and other incidental

and consequential damages and expenses.

51.    The conduct of NFB was done in conscious disregard of Plaintiff's rights.   Therefore, Plaintiff is entitled to equitable and injunctive relief, an award of punitive damages, compensatory damages, expenses and attorneys fees from NFB in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
### (NYSHRL - Disability Discrimination)

52.    Plaintiff repeats and realleges each and every allegation contained herein.

53.    Plaintiff has been discriminated against by Defendant on the basis of his disability in violation of the NYSHRL, by Defendant engaging in a course of conduct which included failing to promote, equally compensate, failure to reinstate Plaintiff's employment and Plaintiff's ultimate termination because of his disability or perceived disability all the while giving Plaintiff pretextual or untrue reasons for the failure to promote, refusal to reinstate and termination.

54.    As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, deferred compensation, bonuses and other employment benefits.

55.    As a further and proximate result of Defendant's actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental and consequential damages and expenses.

56.    The conduct of Defendant was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to relief and an award of compensatory damages in amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
### (NYCHRL - Disability Discrimination)

57.   Plaintiff repeats and realleges each and every allegation contained herein.

58.   Plaintiff has been discriminated against by Defendant on the basis of his disability in violation of the New York City Human Rights Law, by Defendant engaging in a course of conduct which included failing to promote, equally compensate, failure to reinstate Plaintiff's employment and Plaintiff's ultimate termination because of his disability or perceived disability all the while giving Plaintiff pretextual or untrue reasons for the failure to promote, refusal to reinstate and termination.

59.   As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, deferred compensation, bonuses and other employment benefits.

60.   As a further proximate result of Defendant's actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental and consequential damages and expenses.

61.   The conduct of the Defendant was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to relief, an award of compensatory damages, punitive damages and reasonable attorneys' fees in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
### (NYSHRL - Gender Discrimination)

62.   Plaintiff repeats and realleges each and every allegation contained herein.

63.   Plaintiff has been discriminated against by Defendant on the basis of his gender in violation of the NYSHRL, by Defendant engaging in a course of conduct which included failing to promote, equally compensate, failure to reinstate Plaintiff's employment and

Plaintiff's ultimate termination because of his disability or perceived disability all the while giving Plaintiff pretextual or untrue reasons for the failure to promote, refusal to reinstate and termination.

64.   As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, deferred compensation, bonuses and other employment benefits.

65.   As a further and proximate result of Defendant's actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental and consequential damages and expenses.

66.   The conduct of Defendant was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to relief and an award of compensatory damages in amount to be determined at trial.

### SIXTH CLAIM FOR RELIEF
(NYSHRL - Gender Discrimination
Aiding and Abetting)

67.   Plaintiff repeats and realleges each and every allegation contained herein.

68.   The foregoing discriminatory practices pleaded above were aided and abetted by, and with the full knowledge and consent of Defendant Kick, in violation of Section 296(6) of the NYSHRL.

69.   As a result of the Defendants' discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses and other employment benefits.

70.     Defendant Kick aided and abetted in the disability and gender discriminatory practices against the Plaintiff in violation of Section 296(6) of the NYSHRL and therefore, the Plaintiff is entitled to relief.

**SEVENTH CLAIM FOR RELIEF**
(NYCHRL – GENDER DISCRIMINATION)

71.     Plaintiff repeats and realleges each and every allegation contained herein.

72.     Plaintiff has been discriminated against by Defendant on the basis of his gender in violation of the New York City Human Rights Law, by Defendant engaging in a course of conduct which included failing to promote, equally compensate, failure to reinstate Plaintiff's employment and Plaintiff's ultimate termination because of his disability or perceived disability all the while giving Plaintiff pretextual or untrue reasons for the failure to promote, refusal to reinstate and termination.

73.     As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, deferred compensation, bonuses and other employment benefits.

74.     As a further proximate result of Defendant's actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental and consequential damages and expenses.

75.     The conduct of the Defendant was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to relief, an award of compensatory damages, punitive damages and reasonable attorneys' fees in an amount to be determined at trial.

**EIGHTH CLAIM FOR RELIEF**

(NYSHRL – Retaliation)

77.     Plaintiff repeats and realleges each and every allegation contained herein.

78.   Plaintiff has been retaliated against by Defendant on the basis of his complaints of disability and gender discrimination in violation of the NYSHRL.

79.   As a proximate result of Defendant's retaliation, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses and other employment benefits.

80.   As a further and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

81.   The conduct of Defendant was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to relief and an award of compensatory damages in an amount to be determined at trial.

## NINTH CLAIM FOR RELIEF

### (NYCHRL - Retaliation)

82.   Plaintiff repeats and realleges each and every allegation contained herein.

83.   Plaintiff has been retaliated against by Defendant on the basis of his complaints of disability and gender discrimination in violation of the NYCHRL.

84.   As a proximate result of Defendant's retaliation, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses and other employment benefits.

85.   As a further and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

86.     The conduct of Defendant was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to relief and an award of compensatory damages, punitive damages in an amount to be determined at trial.

## TENTH CLAIM FOR RELIEF
(Suffolk County Human Rights Law – Disability and Gender Discrimination)

87.     Plaintiff repeats and realleges each and every allegation contained in this Complaint as if fully set forth herein.

88.     Plaintiff has been discriminated against by Defendant on the basis of his disability and gender in violation of the Suffolk County Human Rights Law, by Defendant engaging in a course of conduct which included failing to promote, equally compensate, failure to reinstate Plaintiff's employment and Plaintiff's ultimate termination because of his disability or perceived disability all the while giving Plaintiff pretextual or untrue reasons for the failure to promote, refusal to reinstate and termination.

89.     As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, deferred compensation, bonuses and other employment benefits.

90.     As a further proximate result of Defendant's actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental and consequential damages and expenses.

91.     The conduct of the Defendant was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to relief, an award of compensatory damages and reasonable attorneys' fees in an amount to be determined at trial.

13

## DEMAND FOR JURY TRIAL

92.     Plaintiff demands a trial by jury.


**WHEREFORE**, as a result of the discriminatory conduct and actions of the Defendants herein alleged, Plaintiff demands:

a.      that Plaintiff be made whole in the form of back pay and afforded all benefits which would have been afforded Plaintiff but for said discrimination;

b.      Defendant be ordered to compensate, reimburse and make the Plaintiff whole for compensatory damages in an amount to be determined at trial;

c.      Defendant be ordered to pay Plaintiff punitive damages in an amount to be determined at trial;

d.      Defendant be ordered to pay Plaintiff prejudgment interest;

e.      Defendant be ordered to pay the costs and disbursements of this action, including Plaintiff's attorneys' fees; and

f.      For such other and further relief as may be just and proper.

Dated: Farmingdale, New York
       December 5, 2006


                        FRANK & ASSOCIATES, P.C.
                        Attorneys for Plaintiff

            By:     _____
                        Ilana L. Deutsch, Esq.
                        500 Bi-County Blvd. Suite 112N
                        Farmingdale, New York 11735
                        (631) 756-0400


14

**VERIFICATION**

STATE OF NEW YORK)

ss)

COUNTY OF SUFFOLK)

**Bruce Sykes,** duly sworn, deposes and says:

I am the Plaintiff herein and I have read the foregoing Summons and Complaint and know the contents thereof.  The foregoing Summons and Complaint is true to the best of my knowledge, except as to the matters stated on information and belief, and, as to those matters, I believe them to be true.

_____
Bruce Sykes

Sworn to before me this
___5___ day of December, 2006.

ILANA L. DEUTSCH
NOTARY PUBLIC, State of New York
Qualified in Onondaga County, No. 02DE6133661
Commission Expires Sept. 19, 20 22

15